UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEORGE FISHER REDDITT,

    Defendant.
_____/

Case No. 06-20511

Honorable Patrick J. Duggan

## ORDER DENYING MOTION FOR BOND PENDING APPEAL

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on August 20, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On October 25, 2007, pursuant to a Rule 11 Plea Agreement, Defendant pled guilty to Counts I, III and VI of the Indictment. Counts I and III charged possession with intent to distribute and distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1). Count VI charged felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

The Rule 11 Plea Agreement provides, in relevant part, that "Defendant's guideline range is stipulated by the parties at 33-41 months . . ." (¶ 2B). It further provides that "the sentence of imprisonment in this case may not exceed 41 months." (¶ 3A).

With respect to the Right to Appeal, the Rule 11 Plea Agreement states, "If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence." (¶ 7).

On May 13, 2008, this Court sentenced Defendant to a term of 32 months on each of Counts I, III and VI to run concurrent.

On June 11, 2008, the Court, pursuant to Stipulation of the parties, extended the reporting date from June 19, 2008 to August 4, 2008. On July 30, 2008, the Court, pursuant to Stipulation of the parties, extended the reporting date from August 4, 2008 to August 25, 2008. Each extension of the reporting date was based on Defendant's representation that "he requires additional time to secure a guardian for his child."

On August 13, 2008, Defendant filed a Motion for Bond Pending Appeal, again setting forth that he "seeks the Court's consideration of bond to further secure for his wards [sic] guardianship, including his minor son." (Mot. at 6).

18 U.S.C. § 3143(b) provides that a person "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained unless the judicial officer finds:

> (a) that the person is not likely to flee or pose a danger to the safety of any other person in the community if released . . .
>
> and
>
> (b) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a sentence if imprisonment less than the total time already served.

Because the Court does not believe that the appeal raises a substantial question of law or fact that will result in a reversal, Defendant is not entitled to be released on bond.

Defendant has known since October 25, 2007 (the date he pled guilty) that it was likely that he would be sentenced to a term of imprisonment, and the Defendant knew on May 13, 2008 (the date of his sentence) that he was to serve a term of imprisonment. Because Defendant has known since October 25, 2007 (the date of his plea) that he needed to make arrangements for the guardianship of his son, the Court is not persuaded that giving the Defendant additional time will "resolve" the guardianship problem that Defendant asserts as the basis for seeking bond.

Therefore,

**IT IS ORDERED** that Defendant's Motion for Bond Pending Appeal is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Rhonda Brazile
Federal Defender Office

Michael Riordan
Assistant U.S. Attorney